929 So.2d 176 (2006)
LOUISIANA STATE BOARD OF ETHICS
v.
Kenneth P. GARRETT, Sr., et al.
No. 2006-CA-0263.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 2006.
*177 Kathleen M. Allen, Alesia D. Mottle, R. Gray Sexton, Baton Rouge, Counsel for Plaintiff/Appellant.
Kenneth P. Garrett, Sr., New Orleans, in Proper Person, Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS Jr., Judge LEON A. CANNIZZARO Jr., and Judge ROLAND L. BELSOME).
CHARLES R. JONES, Judge.
This matter results from the district court's denial of the Louisiana State Board of Ethics' (hereinafter "the Board") request to disqualify the defendant, Kenneth P. Garrett, Sr., as a candidate for the office of Assessor of the Fifth District of Orleans Parish.
Mr. Garrett was a candidate for State Representative, District 102, in the April 6, 2002, election; thus, he was a "district office" level candidate.[1] The Campaign Financial Disclosure Act (hereinafter the "CFDA"), pursuant to Louisiana Revised Statute 18:1511.1(A), requires candidates for district office to file reports concerning the financing of their campaigns at scheduled intervals prior to and after an election.[2] Mr. Garrett was required to file a tenth day prior to the primary election (10-P) campaign finance disclosure report covering the period of February 26, 2002 through March 17, 2002, by March 27, 2002;[3] an election day expenditure (EDEP) campaign finance disclosure report by April 16, 2002;[4] and a tenth day prior to the general election (10-G) campaign finance disclosure report covering the period of March 18, 2002 through April 14, 2002, by April 24, 2002.[5]
The Board alleges that Mr. Garrett did not file any of the required disclosure reports until May 8, 2002. Mr. Garrett denies that his reports were filed late. According to the Order rendered by the Board, the reports were filed forty-two days late, twenty-two days late, and fourteen days late, respectively. Thus, the Board automatically assessed Mr. Garrett late fees of $60 per day pursuant to LSA  R.S. 18:1505.4 for each report. The Board also contends that it sent to Mr. Garrett a letter dated May 14, 2002, assessing late fees totaling $3,400. The Board further alleges that the late fee assessment letter stated that the candidate had thirty days in which to request a waiver of the late fees; thus, Mr. Garrett's request for a waiver or payment of the late fees, according to the Board, was due by June 14, 2002. The Board contends that Mr. Garrett neither paid the late fees, nor did he request a waiver.
On April 21, 2004, the Board alleges that it sent Mr. Garrett notice via certified mail that the Board would conduct a due process hearing on July 8, 2004. The object of the hearing was to issue an order demanding payment of the $3,400 late fees. Mr. Garrett argues that he informed a Board attorney, Kathleen M. Allen, that he was unable to attend the scheduled hearing, and that Ms. Allen advised that she would be in touch with him. Mr. Garrett *178 contends that Ms. Allen did not contact him until after a judgment was rendered against him. All parties concede that Mr. Garrett was not present for the public hearing on July 8, 2004. Nevertheless, the Board issued an order demanding payment of the $3,400 late fees. Mr. Garrett did not pay the late fees and did not appeal the decision of the Board.
On December 14 2004, the Board filed a Petition for Rule to Show Cause in the Nineteenth Judicial District Court pursuant to LSA  R.S. 42:1135, seeking to convert the Board's order into a judgment of the district court. The record reflects that on January 24, 2005, a hearing on the Board's Rule to Show Cause was held, at which time the district court issued a verbal ruling in favor of the Board. The district court obviously found that the Board had sufficient evidence to support its claim that Mr. Garrett owed outstanding late fees for filing his campaign reports late.
According to the Board, a copy of the judgment was mailed to Mr. Garrett on February 10, 2005, pursuant to Rule 9.5 of the Uniform Rules for District Courts. On March 22, 2005, a judgment was signed by the district court assessing late fees of $3,400 against Mr. Garrett, together with legal interest from the date of the Order, as well as his portion of the court costs. The Board further contends that it mailed a copy of the signed judgment to Mr. Garrett on March 29, 2005, along with a letter demanding payment. On November 18, 2005, the Board submitted the judgment to the Orleans Parish Clerk of Court to be recorded in the Orleans Parish Mortgage Records. To date, Mr. Garrett has not made any payments on the judgment. Additionally, Mr. Garrett did not file any appeals within the delays required by law; thus, the fees were made absolute.
On March 3, 2006, Mr. Garrett qualified to run for the office of the Assessor of the Fifth District of Orleans Parish by submitting his Notice of Candidacy to the office of co-defendant, the Honorable Kimberly Williamson Butler, Clerk of Criminal District Court for the Parish of Orleans.[6] In his Notice of Candidacy, Mr. Garrett swore, under oath, that he did not owe any outstanding fines, fees, or penalties pursuant to the CFDA, and he acknowledged that he was subject to the provisions of the CFDA.
On March 6, 2006, a member of the Board's staff, Ms. Alesia Mottle, contacted Mr. Garrett upon receiving notice of his candidacy from the Secretary of State. Ms. Mottle alleges that she then advised Mr. Garrett of the outstanding judgment in the amount of $3,400 against him. Ms. Mottle further contends that she then informed Mr. Garrett that the Board could file an objection to his candidacy if the judgment was not satisfied. The Board admits in its brief that on March 7, 2006, Mr. Garrett submitted a request to the Board asking that they allow him to enter into a payment plan of one payment of $250, and $100 a month thereafter. The Board declined to enter into the payment plan and directed the staff to file an objection to Mr. Garrett's candidacy.
On March 10, 2006, the Board filed an Objection to Candidacy of Kenneth P. Garrett, Sr., for Assessor of the Fifth District of Orleans in the April 22, 2006, primary election pursuant to LSA  R.S. 18:492. A hearing took place on March 14, 2006, in which the district court denied the Board's Objection to Candidacy of Mr. Garrett. A written judgment was signed by the district *179 court on March 15, 2006. This timely appeal follows.
In its sole assignment of error, the Board contends that the district court erred in denying its Objection to the Candidacy of Mr. Garrett for Assessor because Mr. Garrett falsely certified, on his Notice of Candidacy, that he did not owe any outstanding fines, when, as he admitted in open court, the fines had not been paid. We agree. There is no controlling precedent on this particular legal question; thus, it is before us res nova.
The Louisiana Board of Ethics, in its capacity as the Supervisory Committee on Campaign Finance Disclosure, is statutorily charged with the duty of enforcing the CFDA pursuant to Louisiana Revised Statute 18:1511.1(A). The Board's staff is authorized by Louisiana Revised Statute 42:1157 to automatically assess late fees for reports that are not timely filed according to the CFDA. LSA  R.S. 18:1505.4. The CFDA requires candidates for public office to file reports concerning the financing of their campaigns at scheduled intervals prior to and after an election. LSA  R.S. 18:1495.4(B) & 18:1532.
Louisiana Revised Statute 18:463 requires that a candidate certify at the time of qualifying that he does not owe any outstanding fines pursuant to the CFDA and provides in pertinent part:
§ 463. Notice of candidacy; financial statements; political advertising; penalties
A.(1)(a) A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, the parish, ward and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated. No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he has qualified for the election.
* * *
(2) (a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying that he has read the notice of his candidacy, ..., that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and that all of the statements contained in it are true and correct. The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks...
(b) for the purposes of this Paragraph, "outstanding fine, fee, or penalty" shall mean a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more assessed by order of the Supervisory Committee on Campaign Finance Disclosure pursuant to the Campaign Finance Disclosure Act which has been converted into a court order for which all appeals have been exhausted or a judgment of a district court assessing civil penalties pursuant to the Campaign Finance Disclosure Act which has become executory pursuant to R.S. 18:1511.5. "Outstanding fine, fee, or penalty" shall not mean any fine, fee, or penalty which has been paid in full or for which the candidate is in compliance with a payment plan established in writing between the Supervisory Committee on Campaign Finance Disclosure and the candidate.

* * *
The purpose of the CFDA is to ensure that constituents are knowledgeable with respect to the financing of election campaigns. *180 It is imperative that the electorate has such information in a timely manner. The CFDA ensures this purpose by setting forth filing deadlines prior to and subsequent to an election. Candidates failing to file reports by the deadlines are subject to the imposition of late fees for failing to meet the statutory deadlines imposed.
Act 896 of the 2004 Regular Legislative Session was enacted to specifically amend the Election Code to grant the Board the authority to object to the candidacy of a person on the grounds that an individual falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the CFDA.
An "outstanding" fine, fee, or penalty is defined as a fine, fee, or penalty equal to an amount of $250 or more assessed by order of the Board pursuant to the CFDA that has been converted into a judgment of a district court. "Outstanding fine, fee or penalty" shall not mean any fine, fee or penalty which has been paid in full or for which the candidate is in compliance with a payment plan established in writing between the Board and the candidate. The record reflects that at the time of qualifying and at the time Mr. Garrett executed his Notice of Candidacy, he had not made any payments on the judgment, nor was he in compliance with a written payment plan agreed to by the Board.
Louisiana Revised Statute 18:491 specifically grants authority for the Board to object to a candidate's candidacy and provides in pertinent part:
§ 491. Standing to object to candidacy
* * *
C. In addition to the persons with standing to bring an action objecting to candidacy as provided in Subsections A and B of this Section, the Supervisory Committee on Campaign Finance Disclosure may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office on the grounds provided in R.S. 18:492(A)(5).
Louisiana Revised Statute 18:492 provides a ground for objection to a candidate's false certification that he owes no outstanding fines pursuant to the CFDA and provides in pertinent part:
§ 492. Grounds for an objection to candidacy
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
* * *
(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).
The person objecting to the candidacy of a person bears the burden of proof. Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535; Becker v. Dean, 03-2493 (La.9/18/03), 854 So.2d 864, 869; Russell v. Goldsby, 00-2595 (La.9/22/00); 780 So.2d 1048 Dixon v. Hughes, 587 So.2d 679, 680 (La.1991); Messer v. London, 438 So.2d 546 (La. 1983). "Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified." Id. However, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party. Id. Though the Louisiana Supreme Court has stated that it is a well-respected principle that the law favors *181 candidacy, and must be liberally construed as to promote rather than defeat any one person's candidacy, it also acknowledged this idea of a "shifting of the burden or proof." Landiak, 899 So.2d 535. The Court stated:
Under Louisiana's civil law, the `burden of proof' has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. Stated another way, the party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence. On the other hand, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's prima facie case. Id. at 543.
The Board asserts that the evidence it presented established a prima facie case that Mr. Garrett should be disqualified; thus, the burden shifted to Mr. Garrett to prove that he is qualified. We agree. We find that there is ample evidence that the Board notified Mr. Garrett that his reports were late, that he had outstanding late fees, and that a judgment had been taken against him for these fees. The record reflects that at the hearing of this matter before the district court, the Board presented the Notice of Candidacy, a certified true copy of the Board Order, and a certified true copy of the Judgment rendered against Mr. Garrett on March 22, 2005, in the amount of $3,400 plus legal interest and court costs. We find that this evidence coupled with Mr. Garrett's own admission at the hearing that he owes the amounts stated, are sufficient to support the Board's burden of proof in this matter. As such, we find that the district court was manifestly erroneous in refusing to grant the Board's Objection to Mr. Garret's Candidacy and thus, disqualifying Mr. Garrett from the election for Assessor.
The effect of sustaining an objection to candidacy is disqualification. Louisiana Revised Statute 18:494 provides in pertinent part:
A. Disqualification. When an objection to candidacy is sustained on the ground that the defendant failed to qualify for the primary election in the manner prescribed by law, that the defendant failed to qualify for the primary election within the time prescribed by law, or that the defendant does not meet the qualifications for the office he seeks, the final judgment shall disqualify the defendant as a candidate in the primary election for the office for which he failed to qualify properly. LSA  R.S. 18:494.
While we find that Mr. Garrett should be disqualified from the election for his failure to pay the outstanding amounts due, we note that, as admitted by the Board, it did not object to the candidacy of a similarly situated party in a different election because that candidate paid all outstanding fines after he had filed a false affidavit in his Notice of Candidacy.[7] Thus, it appears that the payment of money is more important to the Board than the qualifications of a candidate. We do not believe that this selective disqualification was intended by LSA  R.S. 18:494.
Nevertheless, we do find that the Board has established a prima facie case in the *182 instant matter. Thus, Mr. Garrett should be disqualified as a candidate for Assessor.

DECREE
Accordingly, we REVERSE the judgment of the district court denying the Louisiana Board of Ethics' Objection to the Candidacy of Kenneth P. Garrett, Sr. We find that Kenneth P. Garrett, Sr., is disqualified from running for the office of Assessor of the Fifth District Orleans Parish in the April 22, 2006 election.
REVERSED.
CANNIZZARO and BELSOME, JJ., concur with reasons.
CANNIZZARO, J., Concurring.
I agree with the majority insofar as it reverses the judgment of the trial court and disqualifies Mr. Garrett as a candidate for the office of Assessor of the Fifth Municipal District of Orleans Parish. The record contains ample evidence that the Board of Ethics notified Mr. Garrett that his campaign finance reports were delinquent, that he had outstanding late fees, and that a judgment had been taken against him for these fees. This evidence along with Mr. Garrett's own testimony that he owes these fees establishes the Board's prima facie case.
Nonetheless, I believe the majority goes too far in its criticism of the Board. This case is the Board's first challenge to a candidate's candidacy pursuant to La. R.S. 18:492. In the absence of any objective evidence to show the Board has a history of applying the Campaign Finance Disclosure Act in an arbitrary, unfair, prejudicial or biased manner, this Court has no basis to speculate on the intent or motives of the Board.
BELSOME, J., Concurring.
It is unfortunate that the appellant was without counsel for these proceedings. One wonders whether the subjective selective enforcement of this form of statutory debt collection would pass constitutional muster. However, absent such a challenge we are forced to reverse the trial court. Therefore, I concur in the result.
NOTES
[1] LSA  R.S. 18:1483(7)(a).
[2] LSA  R.S. 18:1484(1).
[3] LSA  R.S. 18:1495.4 B(4).
[4] LSA  R.S. 18:1532 A.
[5] LSA  R.S. 18:1495.4 B(5).
[6] We note that the Board, in its Petition and brief, incorrectly refers to the Honorable Kimberly Williamson Butler as "Commissioner of Elections for the Parish of Orleans."
[7] Pablo Ortiz did not pay his outstanding late fine in full until February 14, 2006. Upon payment of all outstanding amount due, Mr. Ortiz qualified as a candidate in the April 1, 2006 election for Chief of Police, City of Kenner.