# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1058


**STATE OF LOUISIANA, BOARD OF ETHICS**

**VERSUS**

**JIM DARBY, ET AL.**


********\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-4148-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**REVERSED AND RENDERED**


**Glynn Douglas Dean**
**Dean Law Offices**
**P.O. Drawer 280**
**Opelousas, LA 70570**
**(337) 942-6656**
**Counsel for Defendant Appellee:**
**Charles Jagneaux St. Landry Parish Clerk of Court,**

**R. Gray Sexton**
**Attorney at Law**
**2415 Quail Drive, 3rd Floor**
**Baton Rouge, LA 70808**
**(225) 763-8777**
**Counsel for Plaintiff Appellant:**
**State of Louisiana, Board of Ethics**

**Merietta Spencer Norton**
**Elections Sect. Sec. State**
**8549 United Plaza Blvd.**
**Baton Rouge, LA 70809**
**(225) 922-0900**
**Counsel for Defendant Appellee:**
**Louisiana Secretary of State**

**Kathleen Marie Allen**
**Attorney at Law**
**2415 Quail Drive, 3rd Floor**
**Baton Rouge, LA 70808**
**(225) 763-8777**
**Counsel for Plaintiff Appellant:**
**State of Louisiana, Board of Ethics**

**Alesia M. Ardoin**
**Attorney at Law**
**2415 Quail Drive, 3rd Floor**
**Baton Rouge, LA 70808**
**(225) 763-8777**
**Counsel for Plaintiff Appellant:**
**State of Louisiana, Board of Ethics**

**Jim Darby**
**In Proper Person**
**2920 Highway 104**
**Opelousas, LA 70570**
**(000) 000-0000**
**Counsel for Defendant Appellee:**
**Jim Darby**

**PAINTER, J.**

Pursuant to La.R.S. 18:1409 of the Election Code, we have granted expedited consideration to the appeal of the judgment denying the Louisiana State Board of Ethics' (the "Board") objection to the candidacy of Jim Darby ("Mr. Darby") for Sheriff of St. Landry Parish, Louisiana. The Board, in its capacity as the Supervisory Committee on Finance Disclosure, asserted that Mr. Darby should be disqualified as a candidate because he falsely certified on his "Notice of Candidacy" that he did not owe outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act ("CFDA"), La.R.S. 18:1481, et seq. At the contradictory hearing on the matter, the trial court ordered Mr. Darby to pay the outstanding fees within twenty-four hours to avoid disqualification. Mr. Darby paid the fine and the trial court denied the petition of the Board. For the following reasons, we reverse and render.

## ISSUES

Can a candidate who falsely swears in the "Notice of Candidacy" form that he does not owe outstanding fees, fines, or penalties pursuant to the Campaign Finance Disclosure Act avoid disqualification as a candidate by subsequently tendering payment of the outstanding amount due?

## FACTUAL BACKGROUND

Defendant-appellee, Mr. Darby, qualified to run for Sheriff of St. Landry Parish by filing Louisiana's qualifying form, the "Notice of Candidacy", on August 11, 2006, with the St. Landry Parish Clerk of Court.[1] Mr. Darby signed the form before

---

[1] The St. Landry Parish Clerk of Court, the Honorable Charles Jagneaux, was named as a co-defendant in this action, pursuant to La.R.S. 18:1402(A)(2), in his capacity as the qualifying

1

two witnesses and a notary public on that date, certifying, among other things, the following:

> 6. I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party. [R.S. 18:463A(2)(a), 18:1481, et seq.]

On August 15, 2006, the Board, in its capacity as the Supervisory Committee on Finance Disclosure, filed a petition objecting to Mr. Darby's candidacy, specifically alleging that pursuant to La.R.S. 18:492(A)(5)[2], the false certification served as grounds for Mr. Darby's disqualification as a candidate. The Board alleged that it had assessed late fees against Mr. Darby on September 14, 2004, for failure to timely file four campaign finance disclosure and/or expenditure reports, as mandated by La.R.S. 18:1484(1)[3], relevant to the October 4, 2003, election in which Mr. Darby was a candidate for the office of State Senate, District 24.[4] The Board's Order

---

official before whom Mr. Darby qualified as a candidate.

[2]Revised Statutes 18:492(A)(5) states:

**§ 492. Grounds for an objection to candidacy**

An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

(5) The defendant falsely certified on his "Notice of Candidacy" that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).

[3]Revised Statutes 18:1484(1) provides:

**§ 1484. Disclosure reports; persons required to file**

Except as otherwise specifically provided, the following persons or their campaign treasurers, if any, shall file reports of contributions and expenditures as more specifically provided in this Chapter:

(1) Each candidate for major office or district office.

[4]Revised Statutes 18:1483(7)(a) states that, "'District office' means the following offices but shall not include any major office: (a) The office of a member of the Louisiana Legislature."

2

assessing $1,200.00 in late fees was subsequently converted into a Judgment by the 19th Judicial District Court on March 22, 2005. The Judgment was filed in the St. Landry Parish Clerk of Court records on November 18, 2005. The Board asserted that Mr. Darby failed to seek a waiver of the fees prior to a final Order being rendered and also failed to seek an appeal of the judgment within the delays allowed by law. Attached to the Board's petition was the sworn Verification of Judith Jackson, the Campaign Finance Program Compliance Officer for the Ethics Administration Program. In that document she states that she receives and records payments of campaign finance late fee assessments and that as of August 14, 2006, Mr. Darby had made no payments on the $1,200.00 assessment.

On August 17, 2006, a contradictory hearing was held before the trial court on the Board's challenge to Mr. Darby's candidacy, in support of which the Board filed into evidence the "Notice of Candidacy" containing the false certification, a certified copy of the Board's Order of October 14, 2004, which made absolute Mr. Darby's assessment of late fees, and a certified copy of the 19th Judicial District Court's Judgment converting the Order. Mr. Darby appeared at the hearing in proper person and denied that he had any knowledge of having been assessed late fees by the Board at the time he filed his "Notice of Candidacy" on August 11, 2006.

The trial court orally ruled that the Board established a prima facie case for Mr. Darby's disqualification. The court, however, ordered Mr. Darby to tender the full amount owed to the Board by 10:30 a.m. the following morning in order to avoid being disqualified as a candidate. That day, Mr. Darby submitted two money orders totaling $1,200.00, as directed by the trial court. The trial court signed a Judgment denying the Board's objection to Mr. Darby's candidacy on August 18, 2006. The Board filed this appeal.

3

<u>**LAW AND ANALYSIS**</u>

Revised Statutes 18:463(A)(2)(a) and (b) require a candidate to certify at the time of qualifying that he or she owes no outstanding fines pursuant to the CFDA:

**§ 463.  Notice of Candidacy; financial statements; political advertising; penalties**

(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying that he has read the notice of his candidacy, that he meets the qualifications of the office for which he is qualifying, that he is not currently under an order of imprisonment for conviction of a felony, that he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to Article I, Section 10 of the Constitution of Louisiana, that he has attached to the notice of his candidacy the financial statement required by Subsection B of this Section, if applicable, *that he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act (R.S. 18:1481 et seq.) if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party, that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and that all of the statements contained in it are true and correct.* The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks. If the candidate is serving outside the state with the armed forces of the United States, his notice of candidacy shall be witnessed by a commissioned officer in the armed forces of the United States.

(b) For the purposes of this Paragraph, "outstanding fine, fee, or penalty" shall mean a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more assessed by order of the Supervisory Committee on Campaign Finance Disclosure pursuant to the Campaign Finance Disclosure Act which has been converted into a court order for which all appeals have been exhausted or a judgment of a district court assessing civil penalties pursuant to the Campaign Finance Disclosure Act which has become executory pursuant to R.S. 18:1511.5. "Outstanding fine, fee, or penalty" shall not mean any fine, fee, or penalty which has been paid in full or for which the candidate is in compliance with a payment plan established in writing between the Supervisory Committee on Campaign Finance Disclosure and the candidate.

(Emphasis added).  The Election Code, in turn, establishes that a false certification

4

in this regard that is set forth in the "Notice of Candidacy" is a ground for disqualification of the candidate. La.R.S. 18:492(A)(5). The Louisiana Board of Ethics, in its capacity as the Supervisory Committee on Campaign Finance Disclosure, has been given the duty of enforcement of the CFDA, and has standing to challenge a person's candidacy for violations of the CFDA. *See* La.R.S. 18:1511.1(A); La.R.S. 18:491(C).

"In an election contest, the person opposing candidacy bears the burden of proving the candidate is disqualified." *Becker v. Dean*, 03-2493, p. 7 (La. 9/18/03), 854 So.2d 864 (citing La.R.S. 18:492). Once the burden of proof is carried, by the establishment of a prima facie case proving that the candidate is disqualified, the burden shifts to the person opposing the disqualification to rebut the showing. *See Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So.2d 535; *see also, Louisiana State Board of Ethics v. Garrett*, 06-0263 (La.App. 4 Cir. 3/21/06), 929 So.2d 176. If that party is unable to successfully rebut the evidence establishing the prima facie case for disqualification, the objection to the candidacy is to be sustained. *See Garrett*, 929 So.2d 176. According to La.R.S. 18:494(A), the effect of sustaining an objection to candidacy is disqualification:

§ 494. **Effect of sustaining an objection to candidacy**

A. Disqualification. When an objection to candidacy is sustained on the ground that the defendant failed to qualify for the primary election in the manner prescribed by law, that the defendant failed to qualify for the primary election within the time prescribed by law, or that the defendant does not meet the qualifications for the office he seeks, *the final judgment shall disqualify the defendant as a candidate in the primary election for the office for which he failed to qualify properly*.

In this case, we find that there was sufficient evidence presented by the Board to establish a prima facie case for disqualification based on a false certification in the "Notice of Candidacy" filed by Mr. Darby. *See* La.R.S. 18:492(A)(5). The record

5

reflects that Mr. Darby owed $1,200.00 in late fees, plus legal interest and costs, for his failure to comply with the CFDA leading up to an election in 2003 in which he was a candidate and that as of the date of filing his "Notice of Candidacy" in 2006, he had not made any payments to satisfy this assessment. The Board presented as evidence the "Notice of Candidacy," a certified copy of its Order assessing the late fees, and the Judgment, converting the Order, that was rendered against Mr. Darby by the 19th Judicial District Court. Moreover, the record reflects that a copy of the Judgment rendered by the 19th Judicial District Court was mailed to Mr. Darby by the 19th Judicial District Clerk of Court's office on March 25, 2005.

Mr. Darby, on the other hand, presented only his sole testimony that he had no knowledge that there was an outstanding Judgment against him for the late fees prior to him qualifying for the Sheriff's race. The trial court considered this testimony and the evidence presented and apparently found this testimony insufficient to rebut the evidence presented by the Board. We find no error in the trial court's findings in this regard.

We, however, find that the trial court committed manifest error in ordering additional time for Mr. Darby to satisfy the outstanding obligation in order to avoid disqualification. Rather, pursuant to La.R.S. 18:494, we find that the petition objecting to the candidacy should have been granted, disqualifying Mr. Darby as a candidate for the office of Sheriff of St. Landry Parish. The language of La.R.S. 18:494 mandates the disqualification after such an objection is sustained. Therefore, the judgment of the trial court is reversed.

## CONCLUSION

Accordingly, we reverse the judgment of the trial court denying the Louisiana

6

Board of Ethics' Objection to the Candidacy of Jim Darby for the Office of Sheriff of St. Landry Parish. Jim Darby is disqualified as a candidate for the office of Sheriff of St. Landry Parish in the September 30, 2006 election. Costs of this appeal are assessed to defendant-appellee, Jim Darby.

**REVERSED AND RENDERED.**