968 So.2d 1076 (2007)
LOUISIANA STATE BOARD OF ETHICS
v.
Robert MURRAY and the Hon. Arthur A. Morrell, Commissioner of Elections for the Parish of Orleans.
No. 2007-CA-1219.
Court of Appeal of Louisiana, Fourth Circuit.
September 21, 2007.
*1077 Alesia M. Ardoin, Kathleen M. Allen, Louisiana Board of Ethics, Baton Rouge, LA, for Louisiana State Board of Ethics.
Robert Murray New Orleans, LA, In Proper Person, Defendant/Appellant.
(Court Composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR. Judge DAVIS S. GORBATY, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME).
LEON A. CANNIZZARO, JR., Judge.
The defendant, Robert Murray, appeals from a district court judgment rendered in favor of the Louisiana State Board of Ethics ("the Board"), disqualifying him as a candidate for the office of Louisiana State Representative, District 91, in the October 20, 2007 election. We reverse the district court's judgment and reinstate Mr. Murray's candidacy.

FACTS
On September 6, 2007, Mr. Murray qualified to run for the office of Louisiana State Representative, District 91, by submitting his Notice of Candidacy to the office of the Honorable Arthur A. Morrell, Clerk of Criminal District Court for the Parish of Orleans. In his Notice of Candidacy, Mr. Murray swore, under oath, that he did not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act ("CFDA"), La. R.S. 18:1481 et seq. On July 3, 2007, Mrs. Alesia M. Ardoin, an attorney for the Board, had notified Mr. Murray by certified letter, return receipt requested, that he had outstanding late fees that were due in connection with the October 4, 2003 election, in which he was a candidate for the office of Clerk of Court for Criminal District Court for Orleans Parish, and that if the fines were not paid, the Board would object to his candidacy for any future office on the grounds set forth in La. R.S. 18:492(A)(5).[1] Attached to the letter was a certified copy of a November 29, 2006 judgment rendered against Mr. Murray by the Nineteenth Judicial District *1078 Court for the Parish of East Baton Rouge, in the matter of State Board of Ethics v. Dwayne "Twin" Alcorn, et al., Case No. 528,122, which ordered Mr. Murray to pay the Board a total of $1,300.00 in civil penalties plus legal interest for failure to timely file a campaign finance disclosure report and an election day expenditure report in connection with the October 4, 2003 election.
On September 13, 2007, the Board, in its capacity as the Supervisory Committee on Finance Disclosure, filed a petition in Civil District Court against Mr. Murray and the Honorable Arthur Morrell, Clerk of Criminal District Court for Orleans Parish, objecting to Mr. Murray's candidacy. The Board alleged that Mr. Murray had falsely certified on his notice of candidacy that he did not owe any outstanding fines, fees, or penalties pursuant to the CFDA. The Board further alleged that it had assessed late fees against Mr. Murray on October 14, 2004, for failure to timely file a ten-day prior to the primary election (10-P)[2] campaign finance disclosure report by September 24, 2003 and an election day expenditure report (EDEP)[3] by October 14, 2003, relative to the October 4, 2003 election. The Board further alleged that following a contradictory hearing its order assessing $1,300.00 in late fees was subsequently converted into a judgment by the Nineteenth Judicial District Court for the Parish of East Baton Rouge in the matter of State Board of Ethics v. Dwayne "Twin" Alcorn, et al., Case No. 528,122, on November 29, 2006. Mr. Murray did not file an answer to the Board's petition.
On September 17, 2007, the district court conducted a hearing on the Board's challenge to Mr. Murray's candidacy. Although, Mr. Morrell appeared at the hearing in his capacity as the Clerk of Criminal District Court, neither Mr. Murray nor his attorney appeared at the hearing. The trial judge, however, noted for the record, that Mr. Murray had called the court that morning and advised her law clerk that he was out of town and that his attorney could not appear due to a previously scheduled trial in Baton Rouge. The trial judge further noted that Mr. Murray told the court that he had attempted to contact the Board to arrange to pay the fines, but those attempts were refused. Mr. Murray also informed the court that he had no evidence to offer the court to show that at the time he qualified for the District 91 seat that he did not owe the fines in question.
Ms. Ardoin appeared for the Board and introduced into evidence a certified copy of the Notice of Candidacy, a certified copy of the Board's order and a certified true copy of the November 29, 2006 judgment rendered against Mr. Murray by the Nineteenth Judicial District Court, in the amount of $1,300.00 plus legal interest and costs, as well as a certified copy of the July *1079 3, 2007 letter from the Board informing him that it would object to his candidacy in any future election if the fines were not paid. Ms. Ardoin also informed the court that at the time the Board had two other lawsuits pending against Mr. Murray in the Nineteenth Judicial District Court, Suit Nos. 552,127 and 558,151, and that domiciliary service was made on Mr. Murray in those suits at 1517 Harrison Avenue, New Orleans, LA 70122, on March 13, 2007 and August 27, 2007, respectively. The Board introduced into evidence the certified copies of the service returns from the East Baton Rouge Parish Clerk of Court.
The trial court, after considering the law and evidence, rendered a judgment in favor of the Board and disqualified Mr. Murray as a candidate for the office of Louisiana State Representative, District 91, in the October 20, 2007 election. Mr. Murray appealed.

ASSIGNMENTS OF ERROR
Mr. Murray raises the following assignments of error:
1. The trial court erred in concluding that sufficient service was made upon Mr. Murray pursuant to La. R.S. 18:1408D;
2. The trial judge erred in failing to recuse herself in light of the fact that she and Mr. Murray were opponents in a previous election; and,
3. The trial court erred in failing to determine whether Mr. Murray was aware of the 2006 judgment against him for failure to pay the $1,300 civil penalties to the Board.

LAW AND DISCUSSION
With regard to the first assignment of error, the sufficiency of service and notice of the petition objecting to the candidacy, Louisiana Revised Statute 18:1406 provides, in part:
Petition; answer; notification
A. An action objecting to the calling of a special election, objecting to candidacy, or contesting any election shall be instituted by filing a petition in a court of competent jurisdiction and venue and posting a copy of the petition in a conspicuous place at the entrance of the office of the clerk of court where the petition is filed.
B. The petition shall set forth in specific detail the facts upon the objection or contest is based. . . .
C. The defendant shall be served with citation directing him to appear in court no later than 10:00 a.m. on the fourth day after suit was filed, subject, however, to the provisions of R.S. 18:1408(D). The defendant is not required to answer the petition, but if he answers, he shall do so prior to trial.
La. R.S. 18:1407 provides:
Appointment of agent for service of process
By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy, contesting his qualification as a candidate in a second party primary election or in a general election, or contesting his election to office.
La. R.S. 18:1408 provides:
Service of process; sending notice and copies; documents to be filed
A. If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, such service shall be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service *1080 on the defendant at his domiciliary address as shown by his qualifying papers.
B. When service is made on the appointed agent, he shall immediately send notice thereof, together with a copy of the citation, by certified mail, return receipt requested, or by commercial courier as defined in R.S. 13:3204(D), when the person to be served is located outside of this state, to addressee only, to the defendant at his domiciliary address as listed in his notice of candidacy. If the appointed agent has reason to believe that the candidate is temporarily absent from his domiciliary address as listed in his notice of candidacy, he shall give additional notice to the candidate in the manner required by this Subsection by mailing a copy of the citation to any place where the candidate temporarily resides.
C. Proof of mailing, certified by the official mark of the United States Postal Service, or by commercial courier as defined in R.S. 13:3204(D), when the person to be served is located outside of this state, along with the return receipt if received by the agent, shall be filed in the proceedings.
D. Service of process on and citation of the appointed agent, together with the posting of the petition as provided in R.S. 18:1406, shall be sufficient service to give the trial court jurisdiction over the person of the defendant.
La. R.S. 18:1409 provides, in part:
Trial; decision; appeal
A. (1) Actions objecting to the calling of a special election, objecting to candidacy, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.
(2) If the trial defendant does not appear on the date set for the trial, either in person or through counsel, the court shall appoint an attorney at law to represent him by instanter appointment made prior to the commencement of the trial. In a case where a court appointment of an attorney to represent the defendant is made, the proceedings shall be conducted contradictorily against the court-appointed attorney.
Mr. Murray argues that service was insufficient because he was never personally served by citation with notice of the suit prior to the hearing, and nothing in the record indicates otherwise. However, he acknowledges in his brief that Mr. Morrell, as Clerk of Court for the Criminal District Court of Orleans Parish, was properly named a defendant in the suit objecting to his candidacy, and that pursuant to La. R.S. 18:1407 was his appointed agent for the purpose of service of process. The record reflects that the petition objecting to Mr. Murray's candidacy was filed on September 13, 2007. Therefore, the trial court had to commence the hearing no later than 10:00 a.m. on the fourth day after the suit was filed, in this case by 10:00 a.m. on September 17, 2007. The first page of the transcript does not indicate that Mr. Morrell made an appearance for the record. However, it is clear from reading the transcript that at some point after the hearing had begun Mr. Morrell came into the courtroom and was recognized by the trial court. The return on the citation to Mr. Morrell indicates that he was not served with the citation until 10:40 a.m., on the day of the hearing. This was at least forty minutes after the time at which the hearing was required by law to begin and at most one hour and forty minutes after the time at which he was required to appear in court pursuant to the *1081 citation.[4]
In Darnell v. Alcorn, 99-2405, p. 12 (La.App. 4 Cir. 9/24/99), 757 So.2d 716, 722-23, we held that serving the Clerk of Court as a legislative candidate's agent for service of process pursuant to La. R.S. 18:1407 after the hearing challenging the candidacy had begun violated due process and was insufficient to confer personal jurisdiction over the candidate, even though the court had appointed an attorney as Curator Ad Hoc to represent the absent defendant in accord with La. R.S. 18:1409 A(2). In Darnell, this court stated:
In the instant case, the initial inquiry is whether the trial court had personal jurisdiction over Alcorn. We find it is impossible to conclude that the court had personal jurisdiction over the defendant. The record is uncontradicted that Alcorn was not personally served by the Civil Sheriff's office. Further, the trial court acknowledged that its only basis for jurisdiction was service on Edwin Lombard, the Clerk of Criminal District Court for Orleans Parish. However, that service was only effected after the hearing began on September 20, 1999. The record is devoid of any evidence that the Clerk of Court took any steps to comply with the provisions of LSA-R.S. 18:1408 B regarding notice to Alcorn by certified mail. Indeed, we opine that at that stage, it would have been a vain and useless act.
99-2405, p. 12, 757 So.2d at 722-23 (emphasis in original).
In the matter before us, as in Darnell, the Clerk of Court was not served with the citation of the suit challenging the candidate's candidacy until after the hearing challenging the candidacy had begun. In Darnell, we held that this violated the candidate's rights of due process, stating, that "[t]he essence of due process is notice and an opportunity to be heard. 99-2405, p. 12, 757 So.2d at 723. The court also noted that "[t]he Code of Civil Procedure requires that in order to obtain personal jurisdiction through service upon the agent, service upon him must be requested in sufficient time to permit the Clerk of Court to properly discharge his duty to mail the petition and citation to the defendant." 99-2405, pp. 12-13, 757 So.2d at 723.
Here, as in Darnell, we find that the candidate was denied notice and the opportunity to be heard that are required for due process.[5] Additionally, we note that the laws governing the conduct of elections must be liberally interpreted to promote rather than defeat candidacy. Darnell, 99-2405, p. 4, 757 So.2d at 718-19. Therefore, we must reverse the trial court judgment and reinstate Mr. Murray's candidacy.
Our decision regarding the first assignment of error is dispositive of this case. Thus, we need not consider the remaining assignments of error.

DECREE
Accordingly, the judgment of the trial court is hereby reversed. Mr. Murray's candidacy for the office of State Representative, District 91, is hereby reinstated.
REVERSED.
McKAY, J., dissents for the reasons assigned by Judge BELSOME.
BELSOME, J., dissents with reasons.
*1082 BELSOME, J., dissents with reasons.
I respectfully dissent from the majority's opinion. The trial judge correctly noted the limited time available to contest the election qualifications of a candidate. In doing so, she acknowledged the latest date and time a hearing should commence. The trial judge further noted that Mr. Murray contacted the court that morning before the hearing, sometime prior to 9:00 a.m.
Unfortunately, the record is vague with respect to when the Criminal Clerk of Court, Arthur Morrell, entered the hearing. While Mr. Morrell's appearance is not noticed on page one of the transcript, he participates at page seven of the ten page transcript. If service of process is correlative of notice then these facts indicate notice. The facts presented in this case are distinguishable from those of Darnell v. Alcorn, 1999-2405 (La.App. 4 Cir. 1999), 757 So.2d 716, which the majority relied upon. These facts support sufficient notice. Mr. Murray was fully aware of the proceedings and Mr. Morrell was present at the hearing. Given the limited parameters that exist when contesting candidacy, we should not encourage parties to avoid service that would defeat an election contest. Therefore, I do not agree with the majority's opinion.
Additionally, I reiterate my concern as set forth in Louisiana State Board of Ethics v. Garrett, XXXX-XXXX (La.App. 4 Cir. 3/21/06), 929 So.2d 176. The question as to whether La. R.S. 18:492(A)(5) can pass constitutional muster still remains. Again, as in Garrett, a constitutional challenge to the statute has not been raised and therefore cannot be explored by this Court. Thus, based on the record in this case I dissent.
NOTES
[1] La. R.S. 18:492(A)(5) provides:

A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
* * * *
(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).
[2] La. R.S. 18:1495.4(B)(4) provides:

Each candidate shall file a report no later than the tenth day prior to the primary election which shall be complete through the twentieth day prior to the primary election.
[3] La. R.S. 18:1532(A) provides, in pertinent part:

In addition to all other reports required by this Chapter, no later than ten days after a primary election and not later than ten days after a general election, each candidate . . . required to file reports pursuant to this Chapter shall file a report with the supervisory committee, on such form as the committee shall provide, which shall include: (1) The total amount of expenditures the candidate . . . has made for each category of expenditures listed below for services performed or advertising broadcast or published on election day: . . .
[4] The citation required Mr. Morrell to appear in court at 9:00 a.m. on September 17, 2007.
[5] Unlike in Darnell, the trial court did not appoint an attorney as Curator Ad Hoc to represent the absent defendant.