BONIN, J.,
concurs with additional reasons.
1,1 concur fully in the views expressed in the majority opinion and at the same time associate myself with the views expressed in the concurring opinions of JUDGES Tobias and Belsome amplifying that aspect of the majority opinion concerning the exclusivity of the constitutional qualifications for the office of a member of Congress.
I write separately to answer the arguments of the dissenting judges that Mr. Richmond made a sufficient prima facie showing that Mr. Landrieu owed an outstanding late fee imposed under authority of the Campaign Finance Disclosure Act at the time he filed his qualifying form for U.S. Representative from Louisiana’s second congressional district.
“The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” Goldfinch v. United Cabs, Inc., 08-1447, p. 4 (La.App. 4 Cir. 5/13/09); 13 So.3d 1173, 1178 (emphasis added) (citing Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993)). Thus, it is Mr. Richmond who must prove that Mr. Landrieu owed any outstanding late fee. But here, even assuming that Mr. Lan-drieu was obliged by La. R.S. 18:463 A(2)(v) to certify “that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign | ¡¿Finance Disclosure Act,” the evidence offered by Mr. Richmond that Late Fee Assessment Orders were previously issued to Mr. Lan-drieu only support a finding that at some time before Mr. Landrieu qualified he owed a late fee.[1] The accompanying assessment letters, which were also introduced into evidence, noted that Mr. Landrieu under La. R.S. 18:1511.4.1 B and C(l) had three options: (1) pay the assessed late fee, (2) seek a waiver from the Supervisory Committee on Campaign Finance Disclosure (the Board of Ethics), or (3) appeal to the Ethics Adjudicatory Board. Thus, clearly, the documentary evidence did not establish that Mr. Landrieu had not taken any one of those three courses of action.
If Mr. Landrieu paid the' late fee in full before he qualified, there is by definition no “outstanding” fee to trigger a violation under § 463 A(2)(v). See La. R.S. 18:463 A(2)(c)(iii) (“ ‘Outstanding fine, fee, or penalty[1] shall not mean any fine, fee, or penalty that has been paid in full as of the time of the filing of the notice of candidacy.”)
If Mr. Landrieu received a waiver of payment from the Supervisory Committee, then again there would be no outstanding fee triggering a violation. See La. R.S.18:1511.4.1 B (noting that the Supervisory Committee may waive all or part of any fee assessed by the staff).
If Mr. Landrieu timely appealed the assessment order, and an adverse disposition of his appeal was not yet final, again by definition there is no outstanding fee due. See La. R.S. 18:463 A(2)(c)(i) (referencing determination of finality due to exhaustion of appeals or court proceedings).
Because Mr. Richmond bore the burden of disqualifying Mr. Landrieu, he was required to establish that there was an “outstanding late fee” due at the time of qualification; Mr. Landrieu was not required to prove the absence of an ^outstanding late fee. Oddly, Mr. Richmond offered some evidence that the late fee had once been assessed, but no evidence that it was “outstanding.” For example, the letters ac- *52 eompanying the Late Fee Assessment Orders warned that unpaid late fees “will be posted on the Board’s website.” And, notably, the letter advised that “[i]f you timely submit a waiver request or appeal, your name will not be posted on the website pending the result of your appeal.” No evidence was offered by Mr. Richmond that Mr. Landrieu’s name and late fee ever appeared on the Board’s website.
The burden of establishing an outstanding late fee as of the time of qualifying is hardly burdensome because the Supervisory Committee on Campaign Finance Disclosure itself “shall bring or join in an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office on the grounds provided in R.S. 18:492(A)(6).” La. R.S. 18:491 C(l) (emphasis added). See, e.g., Louisiana State Bd. of Ethics v. Murray, 07-1219, p. 2 (La.App. 4 Cir. 9/21/07), 968 So.2d 1076, 1078; Louisiana State Bd. of Ethics v. Garrett, 06-0263, p. 4 (La.App. 4 Cir. 3/21/06), 929 So.2d 176, 178. Here, the Supervisory Committee did not join in the action and was not represented at the trial,[2] suggesting that Mr. Richmond could not bear his burden of proving that there was an outstanding late fee.

. There are two orders, dated March 6, 2014 and April 14, 2014, which appear to cover the same late-filing transgression, involving the filing of a 2013 Supplemental campaign finance disclosure report on February 25, 2014, which was seven days late.

. The "state” lawyer who appeared at the trial represented the Secretary of State and not tire Supervisory Committee.