McKAY, C.J.,
dissents with reasons.
_JjFor the following reasons, I respectfully dissent from the majority opinion and would affirm the judgment of the trial court.
In an election contest, the person opposing candidacy bears the burden of proving the candidate is disqualified. Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864 (citing La. R.S. 18:492). Once the burden of proof is carried, the burden shifts to the person opposing disqualification to rebut the showing. See Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535; see also Louisiana State Board of Ethics v. Garrett, 06-0263 (La.App. 4 Cir. 3/21/06), 929 So.2d 176. If that party is unable to successfully rebut the evidence establishing the prima facie case for disqualification, the objection to candidacy is to be sustained. See Id. According to La. R.S. 18:494(A), the effect of sustaining an objection to candidacy is disqualification.
On August 20, 2014, Gary C. Landrieu filed a notice of candidacy seeking to qualify for the office of United States Representative from Louisiana’s Second Congressional District in an election to be held on Tuesday, November 4, 2014. Cedric L. Richmond, a person of the full age of majority and a qualified elector for the Second Congressional District, filed an objection to candidacy and petition to ^disqualify the candidacy of Gary C. Lan-drieu on August 29, 2014.[1] Also made defendant in this lawsuit was Tom Sche-dler, solely in his official capacity as Louisiana Secretary of State. In his petition, Mr. Richmond argues that Mr. Landrieu should be disqualified because Mr. Lan-drieu signed a certification that he did not owe any outstanding fines, fees, or penalties when Mr. Landrieu did in fact owe approximately $700.00 in fines and fees to •the Louisiana Board of Ethics.[2] Attached as exhibits to Mr. Richmond’s petition were: 1) a copy of Mr. Landrieu’s notice of *53 candidacy, where he certified that he owed no outstanding fines, fees or penalties; and 2) documentation from the Louisiana Board of Ethics, which established that Mr. Landrieu had a fee assessed against him for the late filing of a campaign finance report from a previous election and as of April 14, 2014, those fees had never been paid. At trial, the trial court found that the plaintiff made a prima facie case and disqualified the defendant.
For a prima facie case, a party must present sufficient evidence to establish facts necessary to convince the trier of fact of the existence of the contested fact. Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535. The exhibits attached to Mr. Richmond’s petition make a prima facie case that Mr. Landrieu signed a certification that he owed no outstanding fines, fees or penalties under the act when he did owe approximately $700.00. The exhibits clearly show that Mr. Landrieu was assessed with a late fee by the Louisiana Board of Ethics on April 14, 2014. This fee remains assessed until it is either paid or waived. As far as we know, the fine was still due at the time Mr. Landrieu qualified on August 20, 2014. If the fee was no longer due it was incumbent upon the defendant to rebut the pri-ma facie case made by the plaintiff. I also take issue with the majority opinion’s statement that the attorney for the State could not tell whether the fees 1 swere still due at the time of qualification; that attorney represented the Louisiana Secretary of State, not the Louisiana State Board of Ethics. These are two distinct entities.
Although it is not addressed by the majority, I believe it is necessary that I address the underlying issue in this case, i.e., what qualifications apply to candidates for congress. Regarding the qualifications for members of the United States House of Representatives, the Qualifications Clause of the United States Constitution provides:
Section 2, Clause 2. Qualifications of Members
No person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant - of that State in which he shall be chosen.
U.S.C.A. Const. Art. I, § 2, cl. 2.
The Elections Clause of the United States Constitution (U.S. Const. Art. I, § 4, cl.l) further provides that state legislatures shall prescribe the times, places and manner of congressional elections; however, Congress is expressly given authority to make or alter such state regulations. Under this constitutional authority, the states have the right to create those laws and regulations necessary to ensure the integrity and reliability of the election process. Therefore, “[sjtates are entitled to adopt ‘generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself.’ ” U.S. Term, Limits, Inc. v. Thornton, 514 U.S. 779, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995), quoting Anderson v. Celebrezze, 460 U.S. 780, 788, n. 9, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). “These justifications are substantial, and reflect a legitimate and compelling state interest in orderly, consistent, and honest government.” Joyner v. Mofford, 706 F.2d 1523, 1533 (9th Cir.1983).
|4In Louisiana, the manner in which a candidate qualifies for election to public office and the requirements for such qualification are provided for in the Louisiana Election Code. See La. R.S. 18:1 et seq. Any person desiring to become a candidate in a primary election for United States senator or representative in Congress shall file notification of his candidacy and decía- *54 ration of his qualifications as provided for state candidates in Chapter 5 of this Title. La. R.S. 18:1274. La. R.S. 18:461(A)(1) provides that “a person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy.” In pertinent part, La R.S. 18:463 states:
A. (l)(a) A notice of candidacy shall be in writing and shall state the candidate’s name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote. The candidate shall list on the notice of candidacy the name of the political party if he is registered as being affiliated with a recognized political party, “other” if he is registered as being affiliated with a political party that is not a recognized political party, or “no party” or an abbreviation thereof if he is registered with no political party affiliation. No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he qualified for the election.
[[Image here]]
(2)(a) The notice of candidacy shall include a certificate, signed by the candidate, certifying all of the following:
[[Image here]]
(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is. a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act,,
[[Image here]]
(vii) That he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.
| sLa. R.S. 18:492(A) provides the grounds for an objection to candidacy. That statute states:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one of the following grounds:
(1) The defendant failed to qualify for the primary election in the manner prescribed by law.
(2) The defendant failed to qualify for the primary election within the time prescribed by law.
(3) The defendant does not meet the qualifications for the office he seeks in the primary election.
(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he has qualified.
(5) The defendant falsely certified on his notice of candidacy that he does not know any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).
(6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).
(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed both his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both.
*55 In the instant case, the trial court disqualified Mr. Landrieu’s candidacy for United States Representative for Congress from the Second District of Louisiana because Mr. Landrieu owed outstanding fines, fees or penalties pursuant to the Louisiana Board of Ethics pursuant to the Louisiana Code of Governmental Ethics and/or the Louisiana Campaign Finance Disclosure Act, and Mr. Landrieu signed a certification that he did not owe such fines. This Court has addressed this same issue before in Williams v. Fahrenholtz, 08-0961 (La.App. 4 Cir. 7/25/08), 990 So.2d 99. In that case, an equally divided Court could not render a majority decree and the trial court’s judgment, disqualifying the congressional candidate who signed a similar declaration as the one in the instant case and also owed outstanding fines, fees or penalties, was affirmed. Id.
The reasoning used by Judge Love in Williams v. Fahrenholtz found the notice of candidacy form signed by Mr. Fahren-holtz and the provisions of La. R.S. 18:463(A)(2)(v) contained two distinct requirements: 1) the candidate is to | (¡acknowledge that the terms of the Louisiana Campaign Finance Disclosure Act applies to him unless he is a candidate for United States Senator or United States Representative to Congress; and 2) he owes no outstanding fines, fees or penalties under the Louisiana Campaign Finance Disclosure Act. The same rationale applies in the instant case; Mr. Landrieu is not being asked to admit that the act applies .to him as a congressional candidate, but rather he is being asked only to certify that he owes no outstanding fines, fees or penalties for any other reason. The exhibits attached to Mr. Richmond’s petition make a prima facie case that Mr. Landrieu signed a certification that he owed no outstanding fines, fees or penalties under the act when he did owe approximately $700.00.
Surely, the State of Louisiana has a compelling interest to adopt procedures, requirements and even restrictions to protect the integrity of the electoral process. This is a very legitimate interest on the part of the State. The dissenting opinions in Williams v. Fahrenholtz stress that there are only three qualifications for the office of United States Representative for Congress and they are provided for solely in the United States Constitution Article I, Section 2, Clause 2 and La. R.S. 18:1275. This viewpoint, however, ignores the fact that there are a number of other requirements or qualifications that an individual must meet before he is actually allowed to run for (and ultimately assume a seat in) Congress. First of all, at the time of qualification for that office in Louisiana, an individual is required to pay $900.00 or attach a nominating petition with a requisite number of signatures or be a member of the U.S. armed forces stationed/deployed outside the U.S. Even the United States Constitution provides for additional qualifications. Article I, Section 3, Clause 7 authorizes the disqualification of any person convicted in an impeachment proceeding from “any Office of Honor, Trust or Profit under the United States.” Also, Article I, Section 6, Clause 2 provides that “no person holding any Office under the United States, shall be a Member of either House 17during his continuance in Office.” Further, Section 3 of the 14th Amendment disqualifies any person “who having previously taken an oath ... to support the Constitution of the United States, shall have, engaged in an insurrection or rebellion against the same, or given aid or comfort to the enemies thereof.” Therefore, there are clearly more than the three qualifications enumerated in Article 1, Section 2, Clause 2 and La. 18:1275. The aforementioned qualifications or requirements are no different than what Mr. Lan- *56 drieu was disqualified for in the instant case. Accordingly, the trial court did not err in disqualifying the candidacy of Mr. Landrieu.

. Mr. Richmond is the incumbent United States Representative from the Second Congressional District of Louisiana and is running for re-election to that office.

. These fines and fees were assessed because Mr. Landrieu's 2013 supplemental report for the March 24, 2012 election for New Orleans City Council-at-Large was filed seven days late.