McCLENDON, J.,
dissenting.
hTo establish candidacy for United States Congress in Louisiana, the Louisiana Election Code provides that any person desiring to become a candidate for United States senator or representative in Congress “shall file notification of his candidacy and declaration of his qualifications as provided for state candidates in Chapter 5 of this Title.” La. R.S. 18:1274. The provisions of Chapter 5 instruct that to qualify as a candidate for public office, a candidate is required to file a Notice of Candidacy. La. R.S. 18:461. Moreover, La. R.S. 18:463(A) provides that the candidate shall certify in the Notice of Candidacy, among other things, that “he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.” (Emphasis added).
Pursuant to the Election Code, grounds for disqualification of the candidate exist where the candidate falsely certifies in the Notice of Candidacy that the candidate owes no outstanding fines, fees, or penalties pursuant to the CFDA. La. R.S. 18:492(A)(5); State, Board of Ethics v. Darby, 2006-1058 (La.App. 3rd Cir.8/24/06), 937 So.2d 929, 932.
|2In my opinion, the conjunctive language in La. R.S. 18:463(A)(2)(a)(v) and in paragraph 9 of the Notice of Candidacy form completed by Cutno clearly and unambiguously requires all candidates to certify both: (1) that the candidate is subject to the provisions of the CFDA unless he is a candidate for the office of United States senator, representative in congress, or member of a committee of a political party, and (2) that he does not owe any outstanding fines, fees, or penalties pursuant to the CFDA. While a candidate for the office of United States Representative may not be subject to the provisions of the CFDA for purposes of that particular candidacy, the candidate may nonetheless have outstanding fines, fees, or penalties pursuant to the CFDA relating to a prior candidacy for a state or local elected position.
Moreover, the constitutionality of La. R.S. 18:463(A)(2)(a)(v) has not been directly challenged.[1] Therefore, the question of whether it imposes an additional qualification on a candidate for congressional office in violation of United States Constitution article I, section 2, clause 2 (“the Qualifications Clause”), is not before us.
For these reasons, I respectfully dissent.

. See La. C.C.P. art. 1880, which provides that “[i]f the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.” In this case, the attorney general has not been served with a copy of this proceeding. See also La. R.S. 13:4448.